CULPEPPER, Judge.
This is a workmen’s compensation case. Plaintiff was injured while working as a truck driver for Duke Transportation Company. Defendant is the workmen’s compensation insurer. From an adverse judgment plaintiff appeals.
The sole issue is whether plaintiff was disabled beyond the period of about 8' weeks for which workmen’s compensation was paid.
*825 It is not disputed that on January 17, 1962, while walking on top of some drill pipe loaded on a truck, plaintiff’s foot slipped and he fell about 2feet. He landed on his right side and fractured three ribs. The ribs healed normally in about 8 weeks, but plaintiff now contends he also suffered a back injury, from which he is totally and permanently disabled.
Defendant concedes that plaintiff has something wrong with his back. The expert medical testimony shows clearly that since childhood plaintiff has had a condition known as etiphysitis of the lumbar spine, i. e., an irregularity of growth of the vertebrae. This condition has caused large arthritic spurs to form on the lumbar vertebrae of this 41 year old man. It is defendant’s primary contention that the •evidence does not show plaintiff is presently disabled. Alternatively, defendant contends that if plaintiff is presently disabled, it is the result of this pre-existing organic disease, which was neither caused nor aggravated by the accident
The issue is factual and requires a brief ■review of the testimony. Plaintiff was first seen in Port Allen, Louisiana, where the accident occurred, by Dr. Mary E. Klein-peter who diagnosed the fractured ribs and taped them up. The next day plaintiff returned to his home in Jena, where he was treated by Dr. David L. Trax for the fractured ribs. Dr. Trax testified that during the two month period of treatment, plaintiff never complained of any difficulty with his back.
On March 19, 1962 Dr. Trax discharged plaintiff as being able to return to work. He went back to work for Duke Transportation Company as a truck driver, but worked only three days. Plaintiff contends he had to quit because of pain in his back. Co-employees there testified plaintiff did complain of his ribs still being sore, but he did not complain of any pain in his back. Defendant contends plaintiff left Duke Transportation Company because work was no longer available there for him.
In any event, plaintiff left and went to Baton Rouge to work as a welder, a trade in which he had previously worked for several years. While in Baton Rouge plaintiff went to a chiropractor who massaged his back. The chiropractor told plaintiff he had a “slipped disc” and that he should not try to go back to work. Pursuant to this advice, plaintiff quit work and returned to his home in Jena.
In Jena plaintiff again consulted Dr. Trax who, on being unable to find any cause for plaintiff’s complaints of leg and back pain, referred him to Dr. Daniel M. Kingsley, an orthopedic surgeon of Alexandria. From x-rays Dr. Kingsley found the arthritic spurs between L-3, 4 and 5 vertebrae, but he found no sciatic pain to indicate nerve root pressure caused by this condition. Dr. Kingsley decided plaintiff might have some residual stiffness from the accident, or from inactivity, and recommended therapy for a “couple of weeks.” Plaintiff took two or three such treatments.
On September 10, 1962 plaintiff was seen by Dr. A. R. Altenberg, an orthopedic surgeon of Monroe, at the request of plaintiff’s counsel. Dr. Altenberg found the etiphy-sitis of the lumbar spine and the large arthritic spurs. In view of plaintiff’s complaints of back pain he decided: “ * * * there was a possible chronic lumbo-sacral strain, and I wanted to see what results bracing would have on the back.” Plaintiff wore the prescribed back brace for about a month. Then plaintiff was reexamined by Dr. Altenberg on October 10, 1962, at which time this doctor found plaintiff to have normal gait and posture, good range of motion, no muscle spasm and normal reflexes. False tests produced complaints of pain, i. e., the doctor thought plaintiff complained of pain when there was none. Under cross-examination Dr. Alten-berg said plaintiff could have suffered a temporary aggravation of his pre-existing back condition, but he did not think any *826 such aggravation was a factor in plaintiff’s present complaints. He concluded plaintiff was not disabled and could return to work.
Then on November 19, 1962 plaintiff was seen by Dr. Jack H. Phillips, an orthopedic surgeon of Natchez, Mississippi. Dr. Phillips found muscle spasm in the back and that plaintiff could bend over only far enough for the finger tips to reach the knee caps. A myelogram was negative. He concluded plaintiff had a 10% permanent disability of the back and could not return to truck driving. In view of plaintiff’s statement that he had not suffered with his back before the accident, Dr. Phillips was of the opinion that plaintiff’s disability was caused by a combination of the organic disease, aggravation thereof by the accident and inactivity over a long period of time following the accident.
The final expert medical witness was Dr. Davidson H. Texada, Jr., a specialist in neurology and psychiatry in Alexandria, who examined plaintiff on April 19th and 29th of 1963. He found no neurological or psychiatric cause of pain. It was Dr. Texada’s opinion that plaintiff was actually suffering back pain, but he did not attempt to give an opinion as to the cause thereof.
The lay testimony, consisting of plaintiff and his wife and two other witnesses, was generally to the effect that plaintiff was normal before the accident, but afterwards he walked with a limp and had difficulty in performing such household tasks as cutting firewood.
In a detailed and well considered written opinion, the trial judge concluded the evidence was insufficient to show that any back trouble which the plaintiff is presently suffering is the result of the injury sustained on January 17, 1962. We find no manifest error in this conclusion. The plaintiff did have a congenital defect of the lumbar spine, which resulted in large arthritic spurs. This disease is of a progressive nature. The evidence shows that plaintiff made no complaint of back pain to Dr. Trax who treated him for two months immediately following the injury and furthermore made no complaints to his co-workers at Duke Transportation Company of anything but residual soreness in his ribs. With the exception of plaintiff’s own testimony, there is no evidence to show that he complained of pain in his lumbar spine to anyone until after he had visited the chiropractor in Baton Rouge. The chiropractor advised plaintiff he had a “slipped disc” (a diagnosis which was later negatived by the myelogram test given by Dr. Phillips) and that he shouldn’t return to work. Plaintiff did not return to work and, with the possible exception of Dr. Phillips, the doctors thought that stiffness due to inactivity was the principal cause of plaintiff’s complaints. Even Dr. Phillips thought inactivity was a contributing cause.
Applicable here is the jurisprudence that where the employee’s condition is the result only of a long disuse of the injured member, he cannot refuse to return to work and thus not cooperate with physicians by taking the prescribed work therapy. See Fouchea v. Maloney Trucking & Storage, 108 So.2d 273 (Orleans App.1959) and cases cited therein. Also applicable is the principle of law that a compensation claimant carries the burden of proving by a reasonable preponderance of the evidence that he is suffering from a disability causally related to the accident. Taylor v. Hawkins, 153 So.2d 192 (2nd Cir.App.1963).
Viewing the record as a whole, we are unable to find that the trial judge has committed manifest error, particularly in view of the well established principle of law that the trial judge, who sees and hears the witnesses, is in a better position to give proper weight to their testimony than the appellate court.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.